UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEANDRE ARNOLD, also on behalf of
Plaintiff T.A. as next of kin,

    Plaintiffs,

v.                                        Case No. 8:23-cv-2708-TPB-TGW

TYARIELLE PATTERSON,

    Defendant.
_____/

## ORDER DISMISSING CASE

This matter is before the Court *sua sponte* on the complaint, filed *pro se* on December 4, 2023. (Doc. 1). After reviewing the complaint, court file, and the record, the Court finds as follows:

This case is related to an ongoing child custody dispute and case currently pending in the Sixth Judicial Circuit in and for Pinellas County, Florida. As explained below, this matter does not belong in federal court.

Plaintiff Deandre Arnold filed this suit, on behalf of his minor child and himself, against the mother of his child. The complaint is lengthy and rambling, but it appears that the instant lawsuit is related to an ongoing custody dispute in the Sixth Judicial Circuit in and for Pinellas County, Florida. According to Plaintiff, on December 13, 2017, the state court entered a custody order and child support order. Plaintiff alleges that since the entry of the support order, Defendant has used enforcement of the order to "blackmail and extort" Plaintiff in an effort to avoid potential liability for Plaintiff's allegations of interference with parenting time. Specifically, Plaintiff claims that for the

last five years, whenever he complains that Defendant is interfering with his parenting time, Defendant has used the court-ordered child support in a scheme to maliciously threaten Plaintiff through sudden contempt filings with the state court that carry the threat of incarceration. Plaintiff brings claims for intentional infliction of emotional distress, breach of fiduciary duty, and punitive damages. He seeks both compensatory damages for the alleged interference with Plaintiff's parenting time and for intentional infliction of emotional distress, along with punitive damages.

Plaintiff's complaint suffers from a number of critical defects. First, the complaint appears to possibly take issue with state court rulings, orders, and judgments, including a parenting plan implemented and enforced by the state court and contempt proceedings. His claims are therefore likely barred by the *Rooker-Feldman* doctrine because he essentially seeks review of state court proceedings and rulings. "It is well-settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision." *Dale v. Moore*, 121 F.3d 624, 626 (11th Cir. 1997) (citations omitted). This jurisdictional bar "extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are 'inextricably intertwined' with a state court judgment." *Incorvaia v. Incorvaia*, 154 F. App'x 127, 128 (11th Cir. 2005) (quoting *Goodman ex. rel Goodman v. Sipos*, 259 F. 3d 1327, 1332 (11th Cir. 2001)).

Second, to the extent that Plaintiff is asking the Court to intervene in an ongoing state court proceeding, the Court would abstain from doing so under the *Younger* abstention doctrine.[1] Under the *Younger* abstention doctrine, "federal courts ordinarily

---

[1] 401 U.S. 37 (1971) (holding that a federal court should decline to intervene in a state criminal prosecution absent a showing of bad faith, harassment, or a patently invalid state statute).

must refrain from deciding the merits of a case when (1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the parties have an adequate opportunity to raise any constitutional claims in the state proceeding." *See Newsome v. Broward Cty. Pub. Defenders*, 304 F. App'x 814, 816 (11th Cir. 2008) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Upon consideration of these factors, the Court finds that abstention is warranted to the extent that any of the state court proceedings referenced in the complaint remain active and pending. The Court notes that it appears the parenting plan remains in effect and is being enforced by the state court, and if Plaintiff believes that Defendant is interfering with or obstructing the plan, he may raise those claims in the state proceeding.

Perhaps most importantly, this action appears to fall squarely within the domestic relations exception to federal court jurisdiction. *See Moussignac v. Ga. Dep't of Human Res.*, 139 F. App'x 161, 162 (11th Cir. 2005) ("The federal judiciary has traditionally abstained from deciding cases concerning domestic relations. As a result, federal courts generally dismiss cases involving divorce and alimony, child custody, visitation rights, establishment of paternity, child support, and enforcement of separation or divorce decrees still subject to state court modification."); *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (the subject of domestic relations belongs to the States); *Cox v. 10th Judicial Circuit*, 8:22-cv-75-CEH-JSS, 2022 WL 1005279, at *1-2 (M.D. Fla. Mar. 10, 2022) (explaining domestic relations exception and recommending dismissal of complaint related to parenting plan), *report and recommendation adopted*, 2022 WL 1001498 (M.D. Fla. Apr. 4, 2022); *Weiner v. Campbell*, No. 8:16-cv-3412-T-36TGW, 2016 WL 7708540, at *3 (M.D. Fla. Dec. 22, 2016) (noting that "federal courts lack jurisdiction to determine

issues of parental time-sharing" and recommending dismissal of the complaint), *report and recommendation adopted*, 2017 WL 89076 (M.D. Fla. Jan. 10, 2017).

For all of the different reasons discussed above, this action is dismissed for lack of subject matter jurisdiction. Courts possess authority to *sua sponte* dismiss an action but are generally required to provide a plaintiff with notice of the intent to dismiss and give them an opportunity to respond. *Quire v. Smith*, No. 21-10473, 2021 WL 3238806, at *1 (11th Cir. July 30, 2021) (citing *Tazoe v. Airbus S.A.S.,* 631 F.3d 1321, 1336 (11th Cir. 2011)). "An exception to this requirement exists, however, when amending the complaint would be futile, or when the complaint is patently frivolous." *Id.* (citing *Tazoe,* 631 F.3d at 1336). Because amendment would be futile, the case is dismissed without leave to amend.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) The complaint (Doc. 1) is **DISMISSED**, without leave to amend.

(2) The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>19th</u> day of December, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**